IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

FILED BY ____ D.C.

05 NOV 14 PM 4: 11

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| DOUGLAS RICHARDSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 04-2627-BV |
| GLAXOSMITHKLINE, | ) ) ) |
| Defendant. | ) |

## CONSENT PROTECTIVE ORDER

WHEREAS, Plaintiff in this action is DOUGLAS RICHARDSON; and

WHEREAS, SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE (hereinafter referred to as "GSK") is Defendant in this action; and

WHEREAS, Plaintiff has served GSK with discovery requests and GSK asserts that some of those requests seek disclosure of confidential, trade secret, and/or proprietary information and the production of documents reflecting such; and

WHEREAS, GSK has served Plaintiff with discovery requests and Plaintiff asserts that some of those requests seek disclosure of personal, confidential, and sensitive information and the production of documents reflecting such;

Good cause appearing, **IT IS HEREBY ORDERED** that:

1.  "Confidential information" shall be one of the following three types of documents: (a) documents in the Paxil® ("Paxil") New Drug Application ("NDA") and any Supplemental NDA because a substantial number of such documents contain trade secrets, other

M JMS 911135 v1
2790725-000001  11/05/05

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 11-15-05



confidential research, proprietary, development, and commercial information, and information made confidential pursuant to federal statute or regulation; (b) all other documents containing trade secrets, information made confidential pursuant to federal statute or regulation, and other confidential and/or proprietary information which GSK or its attorneys mark as "confidential."; (3) personal, confidential, and sensitive information which Plaintiff or his attorneys mark as "confidential." In addition, all material, data and information obtained, derived, or generated from confidential information shall also be considered and defined as "confidential information."

2. This Order recognizes that the FDA prohibits disclosure of names and any information that would identify the voluntary reporter or any other person, including but not limited to the patient, associated with an adverse event involving a drug or biologic product, including, but not limited to, the name, address, institution, or any other information that would lead to the identities of the reporter or person identified in a report. In order to comply with this regulatory obligation, GSK will redact all such information before documents are produced. In the event that some such identifying information shall be inadvertently produced by GSK, Plaintiff shall not copy or use the information in any way and shall not disclose the information to any other person.

3. In the event any document claimed to be privileged or subject to the work product doctrine is inadvertently produced, such document(s) shall be returned by the receiving party or respondent within two days of any *written request* therefor from the producing party, unless the receiving party or respondent challenges the privileged nature of the document(s), in which case the producing party shall be entitled to make an application to the Court for the return of the document(s). While such application is pending, the receiving party shall not use or disclose the contents of such document(s) except to the Court under seal. The inadvertent production of any

2

document claimed to be privileged or subject to the work product doctrine shall not constitute a waiver of such privilege or protection.

4. Disclosure of confidential information in this action shall be restricted solely to the following persons:

   a. Plaintiff, Plaintiff's attorney(s), Defendant, Defendant's attorney(s), and clerical personnel and paralegals employed by said attorney(s) as necessary for assisting said attorney(s); and

   b. Experts within the scope of paragraph 7, below.

5. All documents and materials that the producing party tenders to counsel for the receiving party shall be treated as confidential information from the time of their tender. Documents and materials which contain confidential information and are covered by this Order shall be marked "confidential" by the producing party before copies are delivered to counsel for the receiving party. Marking "confidential" on the cover or first page of a multi-page document shall designate the entire document as confidential information if it is so indicated. As to deposition testimony, such designation may be made on the record or on the transcript and shall be made no later than thirty (30) days following receipt of the deposition transcript by counsel for the designating party, but in no case shall such designations be required less than thirty (30) days from the entry of this order.

6. Any documents a party wishes to produce to the Court during this action which are treated as confidential by reason of this Order, and all pleadings and memoranda purporting to reproduce or reflect such confidential information, shall be produced by the party in a manner that preserves the confidentiality of such information.

3

7. All documents, testimony, and other information or materials containing GSK's confidential information, as well as duplicates, notes, memoranda, and other documents referring in whole or in part to the confidential information, shall be maintained in strictest confidence by counsel for Plaintiff. Nothing contained in this Order shall prohibit counsel for Plaintiff from delivering copies of documents which are confidential to experts (whether testifying or consulting experts) provided: (a) that such experts shall be advised in advance that such documents are confidential; (b) that such experts have agreed to hold such documents in confidence in accordance with the terms of the Order; and (c) that such experts have signified their agreement to be bound by the terms of this Order by execution of the affidavit attached as Exhibit A hereto. Such affidavit for any particular expert shall be held initially by counsel for Plaintiff, then given to GSK's counsel when such expert is disclosed or at the end of the case, whichever comes first.

8. Confidential information, or data and information obtained, derived, or generated from confidential information shall be used solely for the purpose of this lawsuit and shall not be used for any purpose other than pretrial proceedings, preparation for trial, and at the trial of this action. All parties reserve the right to apply to the Court for any orders that may be necessary at the time of trial to insure confidentiality of confidential information.

9. All confidential information shall be maintained by counsel in such a manner: (a) as to clearly identify such as confidential information; and (b) as to limit access to those persons identified in paragraph 4.

10. If there is a dispute as to whether a document produced by GSK should be designated as confidential, Plaintiff shall provide written notice to GSK's counsel and shall maintain confidentiality unless and until the dispute is resolved by agreement of counsel or court

4

order. Counsel shall meet and confer in an effort to resolve any such dispute. If counsel are unable to reach such an agreement, it shall be the obligation of GSK to seek, with fifteen (15) days, a court order resolving the dispute and the confidentiality of the documents in dispute shall be maintained until service of a final court order resolving the dispute in favor of Plaintiff. GSK shall seek a court order resolving the dispute within thirty (30) days after receiving written notice from Plaintiff that the meet and confer process has been concluded without agreement.

11. On final termination of this action, Plaintiff, Plaintiff's counsel, experts, and other persons subject to the terms hereof, shall assemble and return to GSK's counsel all materials and documents containing confidential information and all copies, summaries, and abstracts thereof, and return or destroy all other materials, memoranda, or documents embodying data concerning said materials and documents containing confidential information. Upon doing so, counsel for Plaintiff shall provide written notice to GSK's counsel that they have complied with the provisions of this paragraph. Counsel for Plaintiff shall send such written notice upon final termination of this action and not later than two (2) weeks after GSK's counsel requests in writing that such notice be sent. On final termination of this action, counsel for GSK shall destroy any confidential information produced by Plaintiff and shall certify in writing having done so.

12. This Order is enforceable pursuant to Fed. R. Civ. P. 26 and 37 and the inherent powers of this Court.

DATED: *November 14, 2005*

_____
JUDGE

M JMS 911135 v1
2790725-000001 11/05/05

APPROVED AND CONSENTED TO:

*(signature)*            *(signature: Everett Gibson w/ permission JMS)*

Jill M. Steinberg (Bar No. 11603)    Everett B. Gibson (Bar No. 7868)
BAKER, DONELSON, BEARMAN,    BATEMAN GIBSON, LLC
  CALDWELL & BERKOWITZ, P.C.    1010 Cotton Exchange Building
165 Madison Avenue, Suite 2000    65 Union Avenue
Memphis, Tennessee 38103    Memphis, Tennessee 38103
(901) 577-2234    (901) 526-0412
(901) 577-0776 (facsimile)    (901) 526-8466 (facsimile)

*Attorney for SmithKline Beecham*    Seymour Rosenberg (Bar No. 4826)
  *Corporation d/b/a GlaxoSmithKline*    LAW OFFICES OF ROSENBERG
                                                               & SCOTT
                                                               371 Carroll Avenue
                                                               Memphis, Tennessee 38105
                                                               (901) 527-4777
                                                               (901) 527-0421 (facsimile)

                                                               *Attorneys for Douglas Richardson*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

DOUGLAS RICHARDSON,            )
                               )
    Plaintiff,                 )
                               )
v.                             )     CIVIL ACTION NO. 04-2627-BV
                               )
GLAXOSMITHKLINE,               )
                               )
    Defendant.                 )

## NON-DISCLOSURE AFFIDAVIT

The undersigned hereby acknowledges that [Print or type full name:] _____ has read the Consent Protective Order entered in this action, that (s)he understands the terms thereof, that (s)he agrees to be bound by such terms, and that (s)he agrees not to disclose any confidential information to any person other than as permitted by Consent Protective Order. The undersigned also submits herself/himself to the jurisdiction of this Court for purposes of enforcing the terms of the Consent Protective Order previously entered in this case concerning the production of confidential information by Defendant SmithKline Beecham Corporation d/b/a GlaxoSmithKline.

_____        _____
DATE                             SIGNATURE

Subscribed and sworn to before me this
_____ day of _____, 2005.

EXHIBIT

M JMS 911149 v1
2790725-000001  11/04/05

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 31 in case 2:04-CV-02627 was distributed by fax, mail, or direct printing on November 15, 2005 to the parties listed.

---

Jill M. Steinberg
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Seymour S. Rosenberg
ROSENBERG LAW OFFICE
P.O. Box 3351
Memphis, TN 38173--335

Andrew T. Bayman
KING & SPALDING, LLP
191 Peachtree Street, N.E.
Atlanta, GA 30303--176

S. Samuel Griffin
KING & SPALDING, LLP
191 Peachtree Street, N.E.
Atlanta, GA 30303--176

Robert E. Glanville
PHILLIPS LYTLE LLP
3400 HSBC Center
Buffalo, NY 14203

Everett B. Gibson
BATEMAN GIBSON & CHILDERS
65 Union Ave.
Ste. 1010
Memphis, TN 38103

Robert B. Friedman
KING & SPALDING, LLP
191 Peachtree Street, N.E.
Atlanta, GA 30303--176

Dorian N. Daggs
KING & SPALDING, LLP
191 Peachtree Street, N.E.
Atlanta, GA 30303--176

Honorable J. Breen
US DISTRICT COURT